UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUZANNE JENNINGS

    Plaintiff,

  v.

DUKE PARTNERS II, LLC, *et al.*,

    Defendants.

Cause No. C17-0969RSL

ORDER IMPOSING SANCTIONS
FOR FAILURE TO COMPLY WITH
LCR 10(e)(9)

This matter came before the Court *sua sponte*. On July 28, 2017, plaintiff filed a motion which, taken as a whole, exceeded 50 pages in length (Dkt. # 10) but did not provide a courtesy copy for the Court's review as required by LCR 10(e)(9). The Court issued an order requiring immediate delivery of a paper copy of the motion and all supporting documents and an explanation for the failure to comply with the local rules. Dkt. # 13. Plaintiff has failed to provide the courtesy copy: her response suggests that she has no intention of complying with the local rules of this district because she believes the Court has no authority to hear this matter and disputes the validity of the order to show cause.

On June 27, 2017, three of the named defendants removed this case to federal court on the ground that plaintiff had inserted a federal Truth in Lending Act ("TILA") claim into her complaint for unlawful detainer. A review of the complaint confirms that plaintiff's claim is, at

ORDER IMPOSING SANCTIONS FOR
FAILURE TO COMPLY WITH LCR 10(e)(9)

least in part, based on an allegation that defendant Wells Fargo violated TILA. Dkt. # 1-1 at 6-7. Plaintiff has now filed a motion for remand which is not yet fully briefed. In the context of that motion, plaintiff argues that the "Prior Jurisdiction Doctrine" prevents a federal court from assuming jurisdiction over a state unlawful detainer or quiet title action (Dkt. # 10 at 2) but acknowledges that the complaint asserts limited federal issues over which the Court could properly exercise jurisdiction. Dkt. # 10 at 4. At present, therefore, this matter is properly pending in this jurisdiction and -- unless and until the Court grants plaintiff's motion for remand -- the case is governed by the local rules of this district.

The courtesy copy requirement of LCR 10(e)(9) applies to all litigants whose submissions exceed fifty pages in length. Having declined to provide a courtesy copy as required, the Court will read only the first fifty pages of plaintiff's 1,380 page motion for remand and supporting documents. Future failures to provide courtesy copies in a timely manner will similarly curtail the Court's review of plaintiff's submissions to the first fifty pages.

DATED this 17th day of August, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge