UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SUZANNE JENNINGS,                   )
                                    )
              Plaintiff,            )   No. C17-0969RSL
                                    )
       v.                           )
                                    )   ORDER DENYING MOTION FOR
DUKE PARTNERS II LLC, *et al.*,     )   REMAND
                                    )
              Defendants.           )
_____)

This matter comes before the Court on plaintiff's "Motion for Remand; Motion for Severance; In Rem Action; Reservation of All Rights Failure to State a Claim." Dkt. # 10.[1] For the reasons set forth in the Court's "Order Imposing Sanctions for Failure to Comply with LCR 10(e)(9)" (Dkt. # 22), only the first fifty pages of plaintiff's submission have been considered.

The underlying matter was filed in state court by plaintiff against the purchaser of the premises located at 6733 Holly Pl SW, Seattle, 99136. The complaint was captioned as an unlawful detainer action: plaintiff alleges that defendants violated state foreclosure procedures and the federal Truth in Lending Act ("TILA") and that these violations forfeited any right they may have to the property. Plaintiff acknowledges that there are "limited federal issues" in the complaint (Dkt. # 10 at 4), but argues that a federal court cannot assume jurisdiction over issues

---

[1] The motion plaintiff filed with the Court is missing pages 2 and 3.

ORDER DENYING MOTION
FOR REMAND

that have already been presented to the state court for resolution. Plaintiff is simply wrong on the law. A defendant in state court has the right to remove a case to federal court if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds). See 28 U.S.C. § 1441(b). Because plaintiff asserted that Wells Fargo violated a federal law and it appears that diversity jurisdiction exists, defendants were within their rights to remove this case to federal court, thereby divesting the state court of jurisdiction.

For all of the foregoing reasons, plaintiff's motion for remand is DENIED.

Dated this 25th day of October, 2017.

Robert S. Lasnik,
United States District Judge

ORDER DENYING MOTION
FOR REMAND                    -2-